IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR HENDRY COUNTY, FLORIDA

CANDICE DAVIS,
      *Plaintiff,*

                         CASE NO.:
vs.                      **JURY DEMAND**

JEFFERSON CAPITAL
SYSTEMS, LLC,
      *Defendant.*
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE/ INJUNCTIVE RELIEF

COMES NOW, the Plaintiff, CANDICE DAVIS, by and through the undersigned counsel, and files this Complaint against JEFFERSON CAPITAL SYSTEMS, INC., seeking relief for violations of the Fair Debt Collections Practices Act ("FDCPA"), the Florida Consumer Collections Practices Act ("FCCPA"), wrongful garnishment, and equitable/injunctive relief, and would show unto this honorable Court the following, to wit:

**JURISDICTION AND VENUE**

1. The County Court has jurisdiction insofar as damages sought by the Plaintiff exceed the amount of $8,000.00 but do not exceed the amount of $30,000.00, and insofar as the Plaintiff is seeking injunctive and equitable relief.

2. Venue is appropriate in Hendry County, Florida insofar as the Plaintiff resides in Hendry County; the Defendant conducts business in Hendry County; and all events that lead to the filing of this Complaint occurred within Hendry County.

**PARTIES**

A.     **The Plaintiff**

3. The Plaintiff, CANDICE DAVIS (hereinafter "Davis" or "Plaintiff"), is individual, *sui juris,* and over the age of eighteen.

4. Davis is a citizen of the State of Florida, and permanently resides within Hendry County, Florida.

5. Davis is a natural person who is allegedly obligated to pay a debt to the Defendant.

6. Davis is a "consumer" as contemplated by 15 U.S.C. §1692a3.

7. Davis is a "consumer" or "debtor" as contemplated by Fla. Stat. §559.55(8).

8. Given Davis's status as a consumer or debtor, her communications or dealing with Jefferson are governed by the "least sophisticated consumer standard".

**B.      The Defendant**

9. The Defendant, JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter "Jefferson" or "Defendant") is a foreign limited liability company organized and existing under the laws of the State of Georgia.

10. Jefferson's principal place of business is located at 16 McLeland Road St. Cloud, MN 56303.

11. Jefferson's registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

12. Jefferson does not originate loans or otherwise lend money to consumers; rather, Jefferson is in the business of purchasing accounts after default and then attempting to collect the debt from consumers.

13. Jefferson's primary business purpose is the collection of debts.

14. According to its own website, "Jefferson Capital Systems, LLC is an established Debt Buyer and Debt Collector."

15. Jefferson purchases and collects on accounts throughout the United States of America.

16. Jefferson utilizes instrumentalities of interstate commerce such as the telephone, mail, and e-mail, to further its primary business purpose.

17. Jefferson is a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. Given its debt collection activities, Jefferson is also subject to the FCCPA, <u>Fla. Stat.</u> §559.55 *et seq.*

## FACTUAL ALLEGATIONS

### A. Debt Accrual

19. On or about February 18, 2014, Davis purchased a used vehicle from CarMax Auto Superstore, Inc. in Immokalee, Florida.

20. The vehicle was purchased for personal, family, or household purposes, as indicated on the retail installment contract.

21. Davis financed the purchase of the vehicle through Exeter Finance Corp. (hereinafter referred to as the "loan").

22. At some point the loan went into default and Exeter Finance Corp. (hereinafter "Exeter") repossessed the vehicle.

23. After repossession, Exeter sold the vehicle on November 18, 2016; it is unclear as to whether the vehicle was sold at a private sale or auction.

24. Exeter sent Davis a letter on or about November 22, 2016 explaining that it had received $12,000.00 in gross proceeds from the sale of the vehicle, thereby rendering a deficiency balance in the amount of $16,087.64.

25. On some date undisclosed by Jefferson, Exeter purportedly assigned the deficiency balance (hereinafter the "debt") to Jefferson.

26. No action was taken on the debt for nearly three and a half years after the accrual of the deficiency balance.

**B.  The Lawsuit**

27. Then, on or about March 6, 2020, at the beginning of the global COVID-19 pandemic, Jefferson, by and through its counsel, initiated a lawsuit against Davis to recover the debt. (*See* Hendry County Case No.: 262020CC000101CCAXMX).

28. Ultimately, a default final judgment was entered against Davis in the amount of $12,351.57.

29. Jefferson never issued post-judgment discovery to Davis, or undertook any other measures in due diligence, to determine whether Davis was exempt from garnishment.

**C.  The Garnishment**

30. Notwithstanding, Jefferson petitioned for the issuance of a writ of garnishment against Davis's wages and, on December 11, 2021, the continuing writ of garnishment was issued.

31. The Garnishee served its Answer to the writ on November 2, 2021.

32. Pursuant to Fla. Stat. §77.055, the Jefferson was required to send notice of the Garnishee's Answer, amongst other items, to Davis on or before five days from November 2, 2021.

33. Thus, pursuant to Fla. R. Jud. Admin. 2.514, Jefferson was required to send the Fla. Stat. §77.055 notice to Davis on or before November 8, 2021.

34. Jefferson did not send the requisite notice to Davis until November 11, 2021 in violation of Fla. Stat. §77.055.

**D.  The Exemption**

35. On or about November 4, 2021, Davis filed a claim of exemption from garnishment with the Court and claimed head of household status.

36. A hearing on Davis's claim of exemption was scheduled for November 30, 2021, which Davis attended.

37. It is unclear from the record as to the name of the attorney that appeared on behalf of Jefferson.

38. At the hearing, Davis testified that she was the sole provider for herself, her spouse, and her children.

39. Davis further testified that she was solely responsible for large medical bills associated with the medical care for one of her children.

40. Davis offered to submit documentation to support her claims; however, the Judge advised that additional evidence was unnecessary given her testimony.

41. Ultimately, the Judge ruled in favor of Davis and granted Davis's claim of exemption.

42. The Judge ordered Jefferson (by and through its counsel) to immediately submit an Order granting the exemption and dissolving the garnishment.

43. The garnishment was dissolved as of November 30, 2021 per the Judge's oral ruling; however no Order was submitted by Jefferson.

44. Given her *pro se* status, Davis submitted additional evidence on December 6, 2021 in support of her claims, despite the Judge ruling that additional evidence was unnecessary.

45. Davis submitted this additional evidence in an effort to procure Jefferson to submit an Order dissolving the garnishment as directed by the Court.

**E. Jefferson's Failure to Dissolve the Garnishment**

46. As of the date of this complaint, Jefferson (by and through its counsel) has completely failed to submit the Order as directed by the Court.

47. Due to Jefferson's failure to timely submit the Order as directed by the Court, the garnishee has continued to withhold funds from Davis's wages.

48. As of the date of this Complaint, the Garnishee has withheld at least $3,949.06; this is a devastating amount of money for a school teacher providing the sole support for her family.

49. Jefferson has wrongfully permitted the garnishment to continue despite the Court's ruling and directives.

50. Davis has made numerous attempts to contact Jefferson's counsel and Jefferson directly to try and reach a resolution and procure submission of the Order; however, Jefferson (by and through its counsel) has completely failed to respond to Davis's inquiries.

51. Additionally, Davis's mother and husband each made several attempts to contact Jefferson's counsel and Jefferson directly on behalf of Davis; however, Jefferson failed to respond to any of their communications.

52. Jefferson's failure to comply with the Court's ruling and directives has created substantial hardship for Davis and has cause Davis to incur additional damages.

53. Specifically, Jefferson's failure to comply with the Court has resulted in Davis being unable to pay her electricity bill, her rent, purchase food, and pay for her current vehicle.

54. Davis has had to borrow funds to avoid her electricity being turned off; to avoid being evicted; and to avoid her family going hungry; the breakdown is as follows:

    a. A total of $912.64 borrowed to pay her electricity bill for the months of November, December, January, and February.

    b. A total of $2,187.12 borrowed to pay her rent for the months of November, December, January, and February.

    c. A total of $275.00 borrowed to help pay for food during the month of January.

     d. A total of $1,000.00 to help bring her car payment current during the month of February.

55. But for Jefferson's failure to dissolve the garnishment, Candice would not have sustained all or most of the damages detailed in paragraph fifty-four above.

56. Due to Jefferson's failure to comply with the Court's directives, Davis has been forced to use her minimal remaining resources to pay for medical care for her medically fragile child.

57. Jefferson has knowingly continued to garnish Davis's wages in violation of a Court ruling.

58. Jefferson is vicariously liable for the actions of its counsel, who is also a debt collector.

59. As a result of Jefferson's actions, as well as its complete failure and refusal to communicate with Davis, Davis was forced to retain the assistance of the undersigned counsel and has agreed to pay counsel a reasonable fee for their services.

### COUNT I – VIOLATION OF 15 U.S.C. §1692d
### (Harassing, Abusive, and Oppressive Collection Tactics)

60. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

61. Jefferson is a debt collector insofar as its primary business purpose is the collection of debts that it acquired after default.

62. Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

63. Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

64. Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities are debt collectors.

65. Jefferson, by and through its counsel, garnished Davis's wages in connection with an attempt to collect a consumer debt from Davis.

66. Jefferson knew or should have known on November 30, 2021 that it could no longer garnish Davis's wages insofar as the Court granted Davis's claim of exemption.

67. Jefferson knew or should have known on November 30, 2021 that it was required to submit the requisite paperwork to dissolve the garnishment of Davis's wages.

68. Jefferson failed to dissolve the garnishment as directed by the Court, the natural consequence of which was to oppress Davis and create extreme financial hardship for Davis.

69. Jefferson's failure to dissolve the garnishment constituted a violation of 15 U.S.C.§1692d insofar as it constituted "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

70. Davis has suffered damages as a result of Jefferson's conduct.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

    a.  Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra,* and incorporated by reference herein) pursuant to 15 U.S.C. §1692k;

    b.  Award costs and attorney's fees in favor of Davis pursuant to 15 U.S.C. §1692k; and

    c.  For any and all other relief that this honorable Court deems just and proper.

**COUNT II – VIOLATION OF 15 U.S.C. §1692e**
**(False or Misleading Representations – Failure to Dissolve the Garnishment)**

71. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

72. Jefferson is a debt collector insofar as its primary business purpose is the collection of debts that it acquired after default.

73. Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

74. Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

75. Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities are debt collectors.

76. Jefferson, by and through its counsel, garnished Davis's wages in connection with an attempt to collect a consumer debt from Davis.

77. Jefferson knew or should have known on November 30, 2021 that it could no longer garnish Davis's wages insofar as the Court granted Davis's claim of exemption.

78. Jefferson knew or should have known on November 30, 2021 that it was required to submit the requisite paperwork to dissolve the garnishment of Davis's wages.

79. By failing to dissolve the garnishment as directed by the Court, Jefferson represented to Davis that it was legally entitled to continue garnishing Davis's wages.

80. Jefferson was not in fact legally entitled to continue garnishing Davis's wages, thereby rendering its representations false, misleading, or deceptive.

81. Jefferson's actions constitute a violation of 15 U.S.C. §1692e insofar as Jefferson utilized a "false representation or deceptive means to collect or attempt to collect [a] debt."

82. Davis has suffered damages as a result of Jefferson's conduct.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

a. Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein) pursuant to 15 U.S.C. §1692k;

b. Award costs and attorney's fees in favor of Davis pursuant to <u>15 U.S.C. §1692k</u>; and

c. For any and all other relief that this honorable Court deems just and proper.

## COUNT III – VIOLATION OF <u>15 U.S.C. §1692e</u>
### (False and Misleading – Failure to Send Timely Notice)

83. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

84. Jefferson is a debt collector insofar as its primary business purpose is the collection of debts that it acquired after default.

85. Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

86. Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

87. Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities are debt collectors.

88. Jefferson, by and through its counsel, garnished Davis's wages in connection with an attempt to collect a consumer debt from Davis.

89. <u>Fla. Stat. §77.055</u> required Jefferson to send the requisite statutory notice to Davis within five days after the garnishee served its answer.

90. Jefferson knew or should have known that it was required to comply with <u>Fla. Stat. §77.055</u>.

91. Jefferson failed to timely comply with Fla. Stat. §77.055, but proceeded with the garnishment despite the untimely notice.

92. Insofar as garnishment proceedings are statutory in nature, strict adherence to the time constraints is required. Zivitz v. Zivitz, 16 So. 3d 841, 847 (Fla. 2d DCA 2009).

93. Because Jefferson failed to timely comply with the notice requirements set forth in Fla. Stat. §77.055, Jefferson could not proceed with the garnishment and was required to dissolve it.

94. Notwithstanding, Jefferson continued to represent to Davis that it was entitled to pursue the garnishment, to wit:  continuing to garnish Davis's wages and proceeding with the claim of exemption hearing.

95. Jefferson's representations constituted a violation of 15 U.S.C. §1692e insofar as Jefferson was not legally permitted to pursue the garnishment given the untimely notice, thus rendering its representations false, misleading, or deceptive.

96. Davis has suffered damages as a result of the actions of Jefferson.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

    a. Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein) pursuant to 15 U.S.C. §1692k;

    b. Award costs and attorney's fees in favor of Davis pursuant to 15 U.S.C. §1692k; and

    c. For any and all other relief that this honorable Court deems just and proper.

## COUNT IV VIOLATION OF 15 U.S.C. §1692f
### (Unfair Practices – Garnishing Assets Despite Exemption)

97. Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

98. Jefferson is a debt collector insofar as its primary business purpose is the collection of debts that it acquired after default.

99. Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

100.     Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

101.     Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities are debt collectors.

102.     Jefferson, by and through its counsel, garnished Davis's wages in connection with an attempt to collect a consumer debt from Davis.

103.     Jefferson knew or should have known on November 30, 2021 that it could no longer garnish Davis's wages insofar as the Court granted Davis's claim of exemption.

104.     Jefferson knew or should have known on November 30, 2021 that it was required to submit the requisite paperwork to dissolve the garnishment of Davis's wages.

105.     Jefferson failed to dissolve the garnishment, the consequence of which was Jefferson continuing to garnish wages that were deemed exempt by the Court.

106.     Jefferson's failure to dissolve the garnishment constituted a violation of 15 U.S.C. §1692f insofar as it resulted in Jefferson's collection of an amount not authorized by law and resulted in the dispossession of exempt assets from Davis.

107.     Davis has suffered damages as a result of the actions of Jefferson.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

   a.  Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein) pursuant to 15 U.S.C. §1692k;

   b.  Award costs and attorney's fees in favor of Davis pursuant to 15 U.S.C. §1692k; and

   c.  For any and all other relief that this honorable Court deems just and proper.

### COUNT V - VIOLATION OF 15 U.S.C. §1692f
### (Unfair Practices – Failure to Send Timely Notice)

108.     Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

109.     Jefferson is a debt collector insofar as its primary business purpose is the collection of debts that it acquired after default.

110.     Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

111.     Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

112.     Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities are debt collectors.

113.     Jefferson, by and through its counsel, garnished Davis's wages in connection with an attempt to collect a consumer debt from Davis.

114.     Fla. Stat. §77.055 required Jefferson to send the requisite statutory notice to Davis within five days after the garnishee served its answer.

115.    Jefferson knew or should have known that it was required to comply with <u>Fla. Stat. §77.055</u>.

116.    Jefferson failed to timely comply with <u>Fla. Stat. §77.055</u>, but proceeded with the garnishment despite the untimely notice.

117.    Insofar as garnishment proceedings are statutory in nature, strict adherence to the time constraints is required. <u>Zivitz v. Zivitz</u>, <u>16 So. 3d 841, 847</u> (Fla. 2d DCA 2009).

118.    Because Jefferson failed to timely comply with the notice requirements set forth in <u>Fla. Stat. §77.055</u>, Jefferson could not proceed with the garnishment and was required to dissolve it.

119.    Notwithstanding, Jefferson continued to pursue the garnishment which resulted in the violation of <u>15 U.S.C. §1692f</u> insofar as it resulted in Jefferson's collection of an amount not authorized by law and resulted in the dispossession of exempt assets from Davis.

120.    Davis has suffered damages as a result of the actions of Jefferson

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

    a.   Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein) pursuant to <u>15 U.S.C. §1692k</u>;

    b.   Award costs and attorney's fees in favor of Davis pursuant to <u>15 U.S.C. §1692k</u>; and

    c.   For any and all other relief that this honorable Court deems just and proper.

**COUNT VI – VIOLATION OF FLA. STAT. §559.72(9)**
**(Failing to Dissolve Garnishment After Untimely Notice)**

121.    Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

122.    Insofar as Jefferson was trying to collect a consumer debt from Davis, Jefferson is subject to the provisions of Fla. Stat. §559.72.

123.    Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

124.    Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

125.    Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities were attempting to collect a consumer debt from Davis and insofar as both entities are debt collectors.

126.    Jefferson initiated a garnishment against Davis in an attempt to collect from Davis a consumer debt.

127.    Fla. Stat. §77.055 required Jefferson to send the requisite statutory notice to Davis within five days after the garnishee served its answer.

128.    Jefferson knew or should have known that it was required to comply with Fla. Stat. §77.055.

129.    Jefferson failed to timely comply with Fla. Stat. §77.055, but proceeded with the garnishment despite the untimely notice.

130.    Insofar as garnishment proceedings are statutory in nature, strict adherence to the time constraints is required. Zivitz v. Zivitz, 16 So. 3d 841, 847 (Fla. 2d DCA 2009).

131.　　　Because Jefferson failed to timely comply with the notice requirements set forth

in Fla. Stat. §77.055, Jefferson could not proceed with the garnishment and was required

to dissolve it.

132.　　　Notwithstanding, Jefferson illegally continued to pursue to the garnishment

against Davis's wages despite the untimely notice and failure to comply with Fla. Stat.

§77.055.

133.　　　Jefferson's conduct constituted a violation of Fla. Stat. §559.72(9) insofar as

Jefferson continued to assert its right to garnish Davis's wages even though that right no

longer existed after Jefferson failed to comply with Fla. Stat. §77.055.

134.　　　Davis has suffered damages as a result of Jefferson's actions.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

    a.  Award statutory damages in the amount of $1,000.00, compensatory, actual,
        general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and
        incorporated by reference herein) pursuant to Fla. Stat. §559.77;

    b.  Award costs and attorney's fees in favor of Davis pursuant to Fla. Stat. §559.77;
        and

    c.  For any and all other relief that this honorable Court deems just and proper.

### COUNT VII – VIOLATION OF FLA. STAT. §559.72(9)
### (Failing to Dissolve Garnishment of Exempt Assets)

135.　　　Paragraphs one through and including fifty-nine are reiterated and incorporated as

if fully set forth herein.

136.　　　Insofar as Jefferson was trying to collect a consumer debt from Davis, Jefferson is

subject to the provisions of Fla. Stat. §559.72.

137.     Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

138.     Rausch Sturm LLP is also a debt collector insofar as its primary business purpose is the collection of debts on behalf of other entities.

139.     Jefferson is vicariously liable for the acts of Rausch Sturm LLP insofar as both entities were attempting to collect a consumer debt from Davis and insofar as both entities are debt collectors.

140.     Jefferson, by and through its counsel, initiated a garnishment against Davis in an attempt to collect from Davis a consumer debt.

141.     On November 30, 2021, Jefferson knew or should have known that Davis's wages were exempt from garnishment given the Court's ruling.

142.     On November 30, 2021, Jefferson knew or should have known that it was required to dissolve the garnishment against Davis's wages given the Court's ruling.

143.     Notwithstanding, as of the date of this Complaint, Jefferson has completely failed to dissolve the garnishment against Davis's wages.

144.     Jefferson's conduct constitutes a violation of Fla. Stat. §559.72(9) insofar as Jefferson continues to assert its right to garnish assets from Davis that Jefferson is not legally entitled to collect given the Court's ruling that the wages are exempt from garnishment.

145.     Davis has suffered damages as a result of Jefferson's actions.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

a.  Award statutory damages in the amount of $1,000.00, compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein) pursuant to Fla. Stat. §559.77;

b.  Award costs and attorney's fees in favor of Davis pursuant to Fla. Stat. §559.77; and

c.  For any and all other relief that this honorable Court deems just and proper.

## COUNT VIII – WRONGFUL GARNISHMENT

146.  Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

147.  Jefferson retained the firm of Rausch Sturm LLP to assist in its debt collection efforts against Davis.

148.  Jefferson is vicariously liable for the acts of its attorney, Rausch Sturm LLP.

149.  On November 30, 2021, Jefferson knew or should have known that Davis's wages were exempt from garnishment given the Court's ruling.

150.  On November 30, 2021, Jefferson knew or should have known that it was required to dissolve the garnishment against Davis's wages given the Court's ruling.

151.  Jefferson knew or should have known that it no longer had probable cause to continue garnishing Davis's wages given the Court's ruling.

152.  Notwithstanding, as of the date of this Complaint, Jefferson has completely failed to dissolve the garnishment against Davis's wages.

153.  Davis attempted to put Jefferson on notice; however, Jefferson knowingly and willfully ignored Davis's attempts to communicate with Jefferson.

154.    Jefferson knowingly continued to garnish Davis's wages which in turn caused harm to Davis. (*See* paragraphs 52-54, *supra*, and incorporated by reference herein).

155.    The elements of wrongful garnishment are: (1) the commencement or continuance of a writ of garnishment proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of legal malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co., 184 So.2d 705, 706 (Fla. 2d DCA 1966); quashed on other grounds, 193 So.2d 4 (Fla. 1966).

156.    In the present matter, Jefferson's conduct constituted a wrongful garnishment, to wit:

   a.    Jefferson continued the wage garnishment against Davis despite the Court's November 30, 2021 ruling that Davis's wages were exempt from garnishment;

   b.    Jefferson, the Defendant in the present matter, was the party that initiated and continued the garnishment against Davis despite the Court's ruling;

   c.    The garnishment was terminated in favor of Davis based upon the Court finding that Davis's wages were exempt from garnishment;

   d.    Jefferson had no probable cause to continue the garnishment after the November 30, 2021 given the Court's finding that Davis's wages were exempt from garnishment;

   e.    Jefferson acted with legal malice in continuing the garnishment insofar as there was a lack of probable cause and insofar as Davis made several attempts to notify

Jefferson and resolve the problem but Jefferson ignored Davis's communications, all of which resulted in significant harm to Davis; and

f.  Davis has suffered damages as a result of Jefferson's conduct (paragraphs 52-54, *supra*, and incorporated by reference herein).

157.    To date, Jefferson has wrongfully garnished Davis's wages since November 30, 2021 and Davis is entitled to recover for the damages associated therewith.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

a.  Award compensatory, actual, general, and special damages (as detailed in paragraphs 48 and 53, *supra*, and incorporated by reference herein);

b.  Award costs and attorney's fees in favor of Davis; and

c.  For any and all other relief that this honorable Court deems just and proper.

## COUNT IX – CLAIM FOR EQUITABLE/ INJUNCTIVE RELIEF

158.    Paragraphs one through and including fifty-nine are reiterated and incorporated as if fully set forth herein.

159.    The elements for injunctive relief are: "1) the likelihood of irreparable harm, (2) the unavailability of an adequate remedy at law, (3) a substantial likelihood of success on the merits, and (4) that [an] injunction will serve the public interest."

160.    In the present matter, Davis is entitled to injunctive relief, to wit:

a.  Davis and her family have already suffered tremendous financial hardship as a result of Jefferson's refusal to dissolve the garnishment against Davis's wages despite the Court's ruling the Davis's wages were exempt from garnishment; if Jefferson were to continue garnishing Davis's wages, she would likely experience irreparable harm in the form of: her electricity being shut off due to inability to

pay; eviction due to inability to pay; inability to purchase food; and inability to pay for her child's necessary medical expenses.

b. There is no adequate remedy at law insofar as there is no legal cause of action that could enjoin Jefferson from continuing to garnish Davis's wages contrary to the Court's ruling.

c. Davis has a substantial likelihood of success on the merits given Court's previous ruling that her wages are exempt from garnishment.

d. An injunction will serve the public interest insofar as it will prevent Davis from becoming dependent on community or state resources as a result of Jefferson's refusal to dissolve the garnishment.

161.     Insofar as Davis can satisfy the elements of a claim for injunctive relief, Davis is entitled to the issuance of an injunction against Jefferson prohibiting Jefferson from continuing to garnish Davis's wages.

WHEREFORE all premises considered, Davis respectfully requests that this honorable Court:

a. Enter an Order enjoining Jefferson from continuing to garnish Davis's wages;

b. Enter an Order directing Jefferson to dissolve the continuing writ of garnishment against Davis's wages pursuant to the November 30, 2021 ruling in Hendry County Case No.: 262020CC000101CCAXMX;

c. Enter an Order directing Jefferson to return all wages garnished in violation of the November 30, 2021 ruling; and

d. For any and all other relief that this honorable Court deems just and proper.

### Demand for Jury Trial

The Defendant hereby demands a trial by jury for all claims triable at law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on this 15th day

of March, 2022.

Respectfully Submitted By:
Shera E. Anderson, Esq.
20801 Biscayne Blvd., #403
Miami, Florida 33180
Telephone No. (954) 547-4690
Shera_Anderson@outlook.com

By: _____
Shera E. Anderson, Esquire  (FBN: 68129)